MEMORANDUM *
Ignacio Medina-Nunez (“Medina-Nunez”) pled guilty to illegally reentering the country after deportation in violation of 8 U.S.C. § 1326, and now appeals his sentence, as well as certain conditions of supervised release imposed. We find that the sentence was properly calculated and reasonable, and that the district court did *662 not plainly err by imposing the challenged conditions of supervised release. Because the parties are familiar with the facts of the case, we do not recite them here.
I.
Medina-Nunez first contends that the district court plainly erred in assigning criminal history points for two offenses he committed after illegally entering the country, but before being “found” in the United States. He argues that the Guidelines exclude from “criminal history” acts that are defined as “relevant conduct” to the conviction offense, which includes conduct “during” the conviction offense. See U.S.S.G. §§ 4A1.2(a)(l) & cmt. n. 1; lB1.3(a)(l). As we held in United States v. Cruz-Gramajo, 570 F.3d 1162, 1173 (9th Cir.2009), however, “[b]ecause [Medina-Nunez’s] state law offenses were not incorporated into the offense level calculation, and were not required to be considered relevant conduct under § lB1.3(a)(2), the state law offenses were not ‘relevant conduct to the instant offense under the provisions of § 1B1.3.’ See § 4A1.2, cmt. n. 1.”
II.
Medina-Nunez next challenges the reasonableness of the sentence imposed. He ai'gues that the district court committed procedural error by relying on clearly erroneous facts. We first note that it isn’t clear that the district court erred at all in its construction of the facts. It is clear, however, that any imprecision in the district court’s statements were not material to the sentence imposed. Therefore any error was harmless. See United States v. Erickson, 75 F.3d 470, 479 (9th Cir.1996). Medina-Nunez also argues that his sentence was unreasonable because the district court failed to accord sufficient weight to his mitigating evidence and the § 3553(a) factors. We do not find Medina-Nunez’s contentions persuasive. “[T]he sentencing judge ‘set forth [more] than enough to satisfy us that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decisionmaking authority.’” United States v. Carty, 520 F.3d 984, 996 (9th Cir.2008) (en banc) (quoting Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007)). Even when a “party raises specific, non-frivolous argument [including those set forth by Medina-Nunez] tethered to a relevant § 3553(a) factor ... the district court does not abuse its discretion when it listens to the defendant’s arguments and then ‘simply finds those circumstances insufficient to warrant a sentence lower than the Guidelines range.’ ” United States v. Stoterau, 524 F.3d 988, 999 (9th Cir.2008) (quoting Carty, 520 F.3d at 995). Here, the district court thoroughly explained the sentence imposed, tying his decision to relevant § 3553(a) factors, before issuing a sentence below the Guidelines range. Medina-Nunez’s sentence was reasonable.
III.
Medina-Nunez also contends that the district court committed plain error by imposing supervised release conditions that prevented his association with persons known to be “associated with a gang” or presence at a location where he knows “members of the South Side Locos gang meet and/or assemble or congregate.” We have previously held that conditions prohibiting “association” with known gang members and presence in known gang gathering places are not vague or over-broad. See United States v. Soltero, 510 F.3d 858, 866-67 (9th Cir.2007). Additionally, we upheld a similar condition regarding the “affiliates” of neo-Nazis in United States v. Ross, 476 F.3d 719, 722-23 (9th Cir.2007). Medina-Nunez’s attempt to *663 distinguish these cases in unavailing. The district court did not plainly err in imposing the challenged conditions of supervised release.
IV.
Medina-Nunez’s final argument challenges the condition requiring him to report to a probation officer within 72 hours of release from custody or reentry to the United States. As he acknowledges, this argument is foreclosed by our decision in United States v. Rodriguez-Rodriguez, 441 F.3d 767, 772-773 (9th Cir.2006).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.